UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05 B 47877 |
| | ) | |
| ERICA M. REAVES, | ) | Honorable Jack B. Schmetterer |
|     Debtor. | ) | |
| | ) | |
| AMERICASH LOANS, LLC, | ) | Adv. Pro. No. 06-00527 |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| ERICA M. REAVES, | ) | |
| | ) | |
|     Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

At Chicago, Illinois this 17th day of April, 2006, before the Honorable Jack B. Schmetterer, Bankruptcy Judge, in the said District and Division.

This matter coming on for hearing on the set call of cases upon the complaint to determine dischargeability of debt filed by Plaintiff, AmeriCash Loans, LLC ("Plaintiff") against the Defendant, Erica M. Reaves ("Defendant") and upon Plaintiff's motion for default judgment; due notice having been served upon all parties in interest; the Court having jurisdiction and being fully advised in the premises.

That the Court does hereby make the following findings of fact:

1. That on October 11, 2005 the Defendant filed a voluntary petition pursuant to Chapter 7 of Title 11, United States Code.

2. That on February 6, 2006, Plaintiff filed a complaint to determine dischargeability of debt.

3. That on February 6, 2006, Plaintiff serviced its summons and complaint upon Defendant *and her attorney of* in accordance with the applicable Federal Rules of Bankruptcy Procedure.

4. That Defendant has failed to file an appearance in this action.

5. That Defendant has failed to file an answer or otherwise plead to the complaint.

6. That on or about October 17, 2003, Defendant executed an installment loan agreement and disclosure statement in favor of Plaintiff in order to borrow the principal sum of $300.00

7. That in connection with the aforesaid loan, Defendant executed a loan application, on September 2, 2003, wherein the Defendant advised Plaintiff that her social security number was 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.

8. That the balance due on the aforesaid loan, as of October 1, 2005, was $548.00.

9. That on or about August 4, 2004, the Defendant executed an installment note and disclosure statement in favor of Plaintiff in order to borrow the principal sum of $690.00.

10. That in connection with the aforesaid loan, Defendant executed a loan application, on August 4, 2004, wherein the Defendant advised Plaintiff that her social security number was 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.

11. That the balance due on the aforesaid loan, as of October 1, 2005, was $1,454.51.

12. That on or about September 10, 2004, the Defendant executed a deferred deposit agreement and disclosure statement in favor of Plaintiff in order to borrow the principal sum of $300.00.

13. That in connection with the aforesaid loan, Defendant executed a loan application, on August 9, 2004, wherein the Defendant advised Plaintiff that her social security number was 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.

14. That the balance due on the aforesaid loan, as of October 1, 2005, was $496.14.

15. That on or about May 26, 2005, the Defendant executed a deferred deposit agreement and disclosure statement in favor of Plaintiff in order to borrow the principal sum of $300.00.

16. That in connection with the aforesaid loan, Defendant executed a loan application, on May 26, 2005, wherein the Defendant advised Plaintiff that her social security number was 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.

17. That the balance due on the aforesaid loan, as of October 1, 2005, was $446.14.

18. That on or about May 27, 2005, the Defendant executed an installment note and disclosure statement in favor of Plaintiff in order to borrow the principal sum of $690.00.

19. That in connection with the aforesaid loan, Defendant executed a loan application, on May 26, 2005, wherein the Defendant advised Plaintiff that her social security number was 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

20. That the balance due on the aforesaid loan, as of October 1, 2005, was $1,591.30.

21. That on or about May 31, 2005, the Defendant executed an installment note and disclosure statement in favor of Plaintiff in order to borrow the principal sum of $690.00.

22. That in connection with the aforesaid loan, Defendant executed a loan application, on May 31, 2005, wherein the Defendant advised Plaintiff that her social security number was 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.

23. That the balance due on the aforesaid loan, as of October 1, 2005, was $1,563.70.

24. That on or about June 1, 2005, the Defendant executed a deferred deposit agreement and disclosure statement in favor of Plaintiff in order to borrow the principal sum of $300.00.

25. That in connection with the aforesaid loan, Defendant executed a loan application, on June 1, 2005, wherein the Defendant advised Plaintiff that her social security number was 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.

26. That the balance due on the aforesaid loan, as of October 1, 2005, was $496.14.

27. That on or about June 2, 2005, the Defendant executed an installment note and disclosure statement in favor of Plaintiff in order to borrow the principal sum of $690.00.

28. That in connection with the aforesaid loan, Defendant executed a loan application, on June 1, 2005, wherein the Defendant advised Plaintiff that her social security number was 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.

29. That the balance due on the aforesaid loan, as of October 1, 2005, was $1,238.98.

30. That on or about June 3, 2005, the Defendant executed an installment note and disclosure statement in favor of Plaintiff in order to borrow the principal sum of $690.00.

31. That in connection with the aforesaid loan, Defendant executed a loan application, on May 26, 2005, wherein the Defendant advised Plaintiff that her social security number was 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.

32. That the balance due on the aforesaid loan, as of October 1, 2005, was $1,157.31.

33. That the social security number listed on the Debtor's schedules is 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.

34. That in making each of the aforesaid loans, Plaintiff relied on the loan applications submitted by the Plaintiff which loan applications included Defendant's social security number.

35. That in applying for each of the loans referenced above, with the exception of the initial loan, Defendant submitted to Plaintiff a false social security number.

36. That in making each of the loans mentioned above, Plaintiff relied on each of the loan applications submitted by Defendant which loan applications contained a false social security number.

37.     That had Defendant submitted to Plaintiff in connection with each of the loans mentioned above Defendant's true social security number, Plaintiff would not have made the aforesaid loans.

38.     That Plaintiff relied on the loan applications submitted by Defendant in making each of the aforesaid loans which loan applications contained false social security numbers.

39.     That Plaintiff has suffered damages by virtue of its reliance on the loan applications submitted by Defendant which loan applications contained false social security numbers.

40.     That Plaintiff has suffered damages by virtue of its detrimental reliance on the loan applications submitted by Defendant which loan applications contained false social security numbers.

41.     That Plaintiff has suffered damages in the amount of the unpaid balance due on each of the aforesaid loans, with the exception of the initial loan, in the total amount of $8,444.22.

42.     That pursuant to the various loan documents Plaintiff is entitled to reasonable attorney's fees and reimbursement of expenses.

43.     That Plaintiff is entitled to reasonable attorney's fees in the amount of $1,998.75, and reimbursement of expenses in the amount of $298.56.

## CONCLUSIONS OF LAW

1.      That Defendant obtained money from Plaintiff in each of the instances identified above, with the exception of the initial loan, under false pretenses or by false representations or by actual fraud whereby Defendant submitted to Plaintiff loan applications which contained false social security numbers.

2.      That pursuant to 11 U.S.C. §523(a)(2)(A), the debt to Plaintiff in the total amount of $10,741.53 is nondischargeable.

ENTER:

_____
Bankruptcy Judge

APR 17 2006

4/17/06

Joel A. Schechter
Attorney No. 03122099
Law Offices of Joel A. Schechter
53 W. Jackson Blvd., Suite 1024
Chicago, IL  60604; (312) 332-0267